UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-00002-JAM |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| SALVADOR RAMIREZ, | |
| Defendant. | |

Before the Court is Defendant Salvador Ramirez's *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 131.  After the Federal Defender's Office was appointed, it declined to file a supplement to Defendant's motion.  See ECF Nos. 132, 147.  The Government opposes Defendant's motion.  ECF No. 151.

In Dillon v. United States, the Supreme Court reiterated that "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).  One of those limited circumstances is authorized by the First Step Act

1

of 2018, which "allow[s] a defendant to seek a [sentence] reduction directly from the court, provided that 'the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" United States v. Keller, 2 F.4th 1278, 1281 (quoting Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018)).  In Keller, the Ninth Circuit held the statutory exhaustion requirement is mandatory.  Id. at 1282 ("§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government."); see also United States v. Fuentes, 834 F. App'x 414, 415 (9th Cir. 2021) ("A court may not excuse a defendant's failure to comply with a statutory exhaustion requirement.").

The Defendant, here, has failed to satisfy § 3582(c)(1)(A)'s administrative exhaustion requirement.  This finding is supported by the documentation provided by the Government, along with their proper objection to Defendant's failure to exhaust.  See ECF Nos. 151, 151-2 (a document from BOP showing there is no record on Defendant submitting any requests to the Warden).  Defendant does not claim he satisfied the exhaustion requirement, nor did he file any response to the Government's Opposition.  See ECF No. 131.  Since Defendant has not "fully exhausted all administrative rights," his Motion to Reduce Sentence (ECF No. 131) is denied, without prejudice.  Accord Keller, 2 F.4th at 1281-83; United States v. Lopez, No. 1:19-cr-00236, 2025 WL 3224931 (E.D. Cal. Nov. 19, 2025) (denying the defendant's motion under 18 U.S.C. §

2

3582(c)(1)(A) for failure to exhaust administrative remedies without prejudice).

IT IS SO ORDERED.

Dated: June 10, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE